UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 562 |
| v. ) | Chief Judge James F. Holderman |
| ) | |
| CHRISTOPHER BAINES, et. al. ) | |

**UNITED STATES' UNOPPOSED MOTION TO EXCLUDE TIME
PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3161**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, pursuant to 18 U.S.C. § 3161(h)(8)(A),(B), hereby moves to exclude 30 days from the period beginning on August 15, 2008, and up to and including September 15, 2008, from the time prescribed in Title 18, United States Code, Section 3161(b) for the return of an indictment or information following an arrest. In support of this motion, the government states as follows:

1.      On July 16, 2008, the government charged four defendants by complaint with conspiring to possess with intent to distribute and to distribute controlled substances, namely, mixtures containing in excess of one kilogram of heroin, in violation of Title 21, United States Code, Section 846. As outlined in the complaint, defendants CHRISTOPHER BAINES, CHRISTINE BURGOS, CRAIG SMITH and CHARLES PARKER were members of a drug trafficking organization (hereinafter "the BAINES DTO"). Based on the investigation to date, the BAINES DTO is responsible for the distribution of heroin in the Chicago, Illinois area.

2.      Pursuant to 18 U.S.C. § 3161, *et seq.* ("the Speedy Trial Act"), the government must generally file an indictment within 30 days of the arrest of the defendant. In this case, between July 24, 2008 (BAINES, SMITH and PARKER), and July 28, 2008 (BURGOS), the four defendants

named in the complaint were arrested and appeared before Judge Mason and Judge Cox, respectively, for their initial appearances on July 24, 2008 (BAINES, PARKER and SMITH) and July 28, 2008 (BURGOS). In conjunction with the Grand Jury schedule, the 30-day period to indict these defendant expires on August 15, 2008.

3. The Speedy Trial Act permits a court to enlarge the 30-day time period if the court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section; [or]
>
> Whether, in case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(ii), (iii), and (iv).

4. The DEA began its investigation, which led to the identification of the four defendants charged by complaint in this case, in August 2007. Part of this investigation utilized Court-authorized Title III intercepts, and thousands of phone calls were intercepted over multiple phones during a several month period beginning in September 2007 and concluding in March 2008. The investigation also resulted in several seizures of narcotics and narcotics proceeds from the

defendants. The government has been conducting a diligent and thorough investigation in this case, however, given the number of defendants (including a related case) and the amount of evidence gathered over the course of the investigation, the government seeks additional time to make a charging decision based on a full analysis of the information being provided to the government. The government estimates that a 30-day extension from the current expiration date of August 15, 2008, to and including September 15, 2008, will be sufficient time within which to return an indictment in this matter. Also, the additional time will save grand jury resources and ensure that a fully informed decision is made.

5. Between August 11 and August 13, 2008, the undersigned Assistant United States Attorney conferred with all of the defendants' attorneys who represented that they do not object to this motion.

WHEREFORE, the government respectfully requests a 30-day extension of time in which to seek the return of an indictment or information in this case, and asks that the Court order an exclusion of time under the Speedy Trial Act until September 15, 2008.

                                            Respectfully submitted,

                                            PATRICK J. FITZGERALD
                                            United States Attorney

By:    s/ Thomas D. Shakeshaft
        THOMAS D. SHAKESHAFT
        LINDSAY C. JENKINS
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-0667

Dated: August 14, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**UNITED STATES' UNOPPOSED MOTION TO EXCLUDE TIME PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3161**

was served August 14, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case filing pursuant to the District Court's Electronic Case Filing (ECF) system as to ECF filers.

By:  s/ Thomas D. Shakeshaft
Thomas D. Shakeshaft
Assistant United States Attorney
219 S. Dearborn St.- 5th Floor
Chicago, IL 60604
312-886-0667